```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND      *
ALLIED TRADES INDUSTRY PENSION
FUND, et al.                    *

          Plaintiffs            *

     vs.                        *   CIVIL ACTION NO. MJG-15-370

A. LAUGENI & SON, INC. et al.,  *

          Defendants            *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER

The Court has before it Defendant, Carolyn Laugeni's, (1) Motion to Transfer Venue Under 28 U.S.C. § 1404(a), (2) Motion to Dismiss for Forum Non Conveniens and (3) Motion to Dismiss Count IV for Failure to State a Claim Upon Which Relief May Be Granted [Document 11] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

I.   BACKGROUND

Plaintiffs: the International Painters and Allied Trades Industry Pension Fund ("Pension Fund"); the Finishing Trades Institute, f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI" and together with Pension Fund, the "ERISA Funds"); the Political

Action Together Fund ("PAT"); the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI" and together with PAT and the ERISA Funds, the "Funds"); and Daniel R. Williams filed this suit against Defendants A. Laugeni & Son, Inc., a dissolved corporation ("the Company"), and Carolyn J. Laugeni ("Ms. Laugeni").

Plaintiffs present claims relating to the Company's failure to make required pension plan contributions in four Counts:

- Count I      Company's failure to pay certain contributions
- Count II     Company failure to pay certain contributions
- Count III    Breach of fiduciary duty
- Count IV    Prohibited transaction

By the instant motion, Ms. Laugeni seeks to have the Court transfer the case to the District of Connecticut pursuant to 28 U.S.C. § 1404(a), dismiss the case based upon the doctrine of <u>forum non conveniens</u> and dismiss Court IV for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II. <u>Transfer</u>

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of

2

justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In Dow v. Jones, 232 F. Supp. 2d 491, 499 (D. Md. 2002), Judge Blake of this Court stated:

> The standards for transfer are: (1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice. Further, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (internal footnote and citations omitted).

This case could have been filed in the District of Connecticut.

In regard to the parties, Plaintiffs are based in Maryland, and the pertinent plans are administered there. Ms. Laugeni is a resident of Connecticut who is not alleged to have taken any pertinent action in Maryland or to have any connection with Maryland.

In regard to the witnesses, Ms. Laugeni states that "all of the witnesses, including employees of the defunct co-defendant [the Company] are all (sic) located in Connecticut." [Document 11] at 2. Therefore, it appears that no non-party witness would be within the range of a trial subpoena issued by this Court.

Plaintiffs do not deny this and do not identify any individual or relevant evidence with regard to whom or which Maryland would be more convenient than Connecticut.[1]

Plaintiffs have based their opposition to a transfer to Connecticut upon a general allegation that they would incur additional costs if the case were transferred.  Plaintiffs do not present any case specific support for this contention.  Indeed, with all the witnesses pertaining to facts other than the contents of Plaintiffs' records located in Connecticut, it appears that it would not be possible to conduct non-party discovery in Maryland even if the case remained here.  Moreover, the Court must note that none of Plaintiffs' counsel are based in Maryland, but are based in Philadelphia.  Hence, there would appear to be a relatively minor increase, if any increase at all, of the cost to Plaintiffs caused by a transfer to Connecticut.

Ms. Laugeni has shown that, obviously, there would be a significant increase in her cost and inconvenience if the case were to remain in Maryland.

The interests of justice strongly favor Ms. Laugeni's position that the case should be transferred.

---

[1]  Presumably, Plaintiffs may present a Maryland based witness to testify regarding the contents of relevant plan records.

The Court, considering the pertinent factors, exercises its discretion to transfer the case to the District of Connecticut.

III. Other Matters

The Court, having decided to transfer the case: (1) has rendered the forum non conveniens contention moot and (2) shall leave the determination of the adequacy of the pleading of Count IV to the transferee court.

Finally, the Court notes that the Company has not responded to the Complaint and is identified in the Complaint as a dissolved corporation.  Compl. [Document 1] ¶ 15.  Plaintiffs can proceed with regard to any motion for a default judgment against the Company in the transferee court.

IV. CONCLUSION

For the foregoing reasons:

1. Carolyn Laugeni's, (1) Motion to Transfer Venue Under 28 U.S.C. § 1404(a), (2) Motion to Dismiss for Forum Non Conveniens and (3) Motion to Dismiss Count IV for Failure to State a Claim Upon Which Relief May Be Granted [Document 11] is GRANTED IN PART.

2. The Court shall transfer this case to the District of Connecticut and denies, as moot, the request for dismissal for forum non conveniens.

5

3.  The request to dismiss Count IV is DENIED WITHOUT PREJUDICE to its renewal before the transferee court.

SO ORDERED, on Monday, June 29, 2015.

                                  /s/
                          Marvin J. Garbis
                      United States District Judge